UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

```
------------------------------------ x
In re:                               :
                                     :  Case No. 24-43315 (JMM)
CARLOS A. ABADI,                     :
                                     :  (Chapter 7)
                      Debtor.        :
------------------------------------ x
```

### UNITED STATES TRUSTEE'S REPORT CERTIFYING ELECTION OF CHAPTER 7 TRUSTEE

TO:    THE HONORABLE JIL MAZER-MARINO,
       UNITED STATES BANKRUPTCY JUDGE:

William K. Harrington, United States Trustee for Region 2 (the "United States Trustee"),
hereby files his report certifying the election of a chapter 7 trustee held in the above-captioned
case on September 19, 2024 (the "Report"). For his Report, the United States Trustee
respectfully represents as follows:

## I. STATUTORY FRAMEWORK

### A.    Requesting an Election, Voting and Electing a Trustee

Section 702 of title 11 of the United States Code, which governs trustee elections
provides as follows:

> § 702. Election of trustee
>   (a) A creditor may vote for a candidate for trustee only if such creditor—
>     (1) holds an allowable, undisputed, fixed, liquidated, unsecured
> claim of a kind entitled to distribution under section 726(a)(2),
> 726(a)(3), 726(a)(4), 752(a), 766(h) or 766(i) of this title;
>     (2)  does not have an interest materially adverse, other than an equity
> interest that is not substantial in relation to such creditor's interest as a
> creditor, to the interests of creditors entitled to such distribution; and
>     (3) is not an insider.

(b)   At the meeting of creditors held under section 341 of this title, creditors may elect one person to serve as trustee in the case if election of a trustee is requested by creditors that may vote under subsection (a) of this section, and that hold at least 20 percent in amount of the claims specified in subsection (a)(1) of this section that are held by creditors that may vote under subsection (a) of this section.

(c) A candidate for trustee is elected trustee if –

(1) creditors holding at least 20 percent in amount of the claims of a kind specified in subsection (a)(1) of this section that are held by creditors that may vote under subsection (a) of this section vote; and

(2) such candidate receives the votes of creditors holding a majority in amount of claims specified in subsection (a)(1) of this section that are held by creditors that vote for a trustee.

(d)   If a trustee is not elected under this section, then the interim trustee shall serve as the trustee in the case.

11 U.S.C. § 702.

### B.       Entitlement to Vote in a Trustee Election

Rule 2003(b)(3) of the Federal Rules of Bankruptcy Procedure sets forth procedures for

determining a creditor's entitlement to vote in a trustee election.  *In re Michelex Ltd.*, 195 B.R.

993, 1005 (Bankr. W.D. Mich. 1996).  Rule 2003(b)(3) provides, in part, that:

*(3) Right to Vote.*  In a chapter 7 liquidation case, a creditor is entitled to vote at a meeting if, at or before the meeting, the creditor has filed a proof of claim or a writing setting forth facts evidencing a right to vote pursuant to § 702(a) of the Code unless objection is made to the claim or the proof of claim is insufficient on its face. ....... In the event of an objection to the amount or allowability of a claim for the purpose of voting, unless the court orders otherwise, the United States Trustee shall tabulate the votes for each alternative presented by the dispute and, if resolution of such dispute is necessary to determine the result of the election, the tabulation for each alternative shall be reported to the court.

Fed. R. Bankr. P. 2003(b)(3).

C.        **Report of Undisputed Election**

Federal Rule of Bankruptcy Procedure 2003(d)(1) sets for the United States Trustee's

duties with respect to an undisputed trustee election, as follows:

> **(1) Report of undisputed election.** In a chapter 7 case, if the election of a
> trustee . . . is not disputed, the United States trustee shall promptly file a report of
> the election, including the name and address of the person or entity elected and
> statement that the election in undisputed.

Fed. R. P. 2033(d)(1).


D.        **Report of a Disputed Election**

Under Federal Rule of Bankruptcy Procedure 2003(d)(2), which governs disputed

elections, provides as follows:

> **(2) Disputed election**. If the election is disputed, the United States trustee
> shall promptly file a report stating that the election is disputed, informing the
> court of the nature of the dispute, and listing the name and address of any
> candidate elected under any alternative presented by the dispute. No later than the
> date on which the report is filed, the United States trustee shall mail a copy of the
> report to any party in interest that has made a request to receive a copy of the
> report. Pending disposition by the court of a disputed election for trustee, the
> interim trustee shall continue in office. Unless a motion for the resolution of the
> dispute is filed no later than 14 days after the United States trustee files a report of
> a disputed election for trustee, the interim trustee shall serve as trustee in the case.
> Fed. R. Bankr. P. 2003(d)(2).

E.        **Proxies, Powers of Attorney and Solicitation and Voting of Proxies**

Rule 9010, which governs representation, appearances and powers of attorney, provides,

in part, as follows:

> **(a)  Authority to act personally or by attorney.** A . . .creditor . . . may (1)
> appear in a case under the Code and act either in the entity's own behalf or by an
> attorney authorized to practice in the court, and (2) perform any act not
> constituting the practice of law, by an authorized agent, attorney in fact, or proxy.
> **(b)  Notice of appearance.** An attorney appearing for a party in a case under
> the Code shall file a notice of appearance with the attorney's name, office
> address, and telephone number, unless the attorney's appearance is otherwise
> noted on the record.

    **(c) Power of attorney**.  The authority of any agent, attorney in fact, or proxy to represent a creditor for any purpose other than the execution and filing of a proof of claim or the acceptance or rejection of a plan shall be evidenced by a power of attorney conforming substantially to the appropriate Official Form.  The execution of any such power of attorney shall be acknowledged before one of the officers enumerated in 28 U.S.C. § 458, § 953, Rule 9012, or a person authorized to administer oaths under the laws of the state where the oath is administered.

Fed. R. Bankr. P. 9010(a), (b), and (c).

## II.      Background

### A.      The Debtor

On August 9, 2024 (the "Petition Date"), the Debtor filed a voluntary chapter 7 case. On the Petition Date, David J. Doyaga was appointed as interim chapter 7 trustee (the "Interim Trustee").  The first § 341(a) meeting of creditors (the "§ 341 Meeting") was scheduled for September 19, 2024, at 12:30 p.m.

The Debtor scheduled assets valued at $1,798,697.13.  Schedule A/B.  He disclosed that he and his spouse receive monthly income of $7,807.00 from social security, and other sources of income.  Schedule I.  His monthly household expenses total $3,870.00.  Schedule J.

The Debtor scheduled one secured claim in the amount of 135,872.00 on Schedule D. On Schedule E/F, he listed four priority tax debts totaling $130,655.56, and eleven general unsecured claims totaling $15,766,495.30.  The Debtor listed ten creditors with undisputed, liquidated, and noncontingent claims totaling $7,352,449.20: Affirm, Apple MasterCard, Capital One, Conor and Eavan O'Driscoll, Estate of Jose Abadi, Francis Gutman, Harvey Tepner, Jet Blue Barclay MasterCard, Liston Abramson, and Moffitt Cancer Center. Schedule E/F.  The Debtor listed one unliquidated claim:  Honeedew Investing LLC ("Honeedew") in the amount of $8,414,046.00. Schedule E/F.

    . On September 18, 2024, Honeedew filed a Proof of Claim in the amount of

$15,961,554.70, *See* Claims Register, Claim No. 1-1.The Honeedew claim arises from a judgement (the "Judgement") of the Supreme Court of the State of New York, County of New York, entered on May 9, 2017, and includes the outstanding initial Judgement amount of $7,524,492.09, a money judgement for Contempt in the amount of $23,016.61 entered on June 21, 2013 (the "Contempt Judgement") as well as a contempt fine of $8,414,046.00 entered April 5, 2024 (the "Contempt Fine"). Exhibit 1 to Honeedew's Proof of Claim.

### B.    The Request for an Election of a Trustee under 11 U.S.C. § 702

Shortly after the Petition Date, United States Trustee was advised by Eric Medina, Esq. of Honeedew's intention to request the election of a trustee at the § 341(a) Meeting scheduled for September 19, 2024, at 12:30 p.m. (the "Election Request"). In support of the Election Request, the United States Trustee was provided a copy of Honeedew's Proof of Claim and supporting evidence. The United States Trustee then forwarded an Election Questionnaire (the "Questionnaire') to Mr. Medina and requested that it be completed and returned, along with a Power of Attorney. The Trustee Election was held on September 19, 2024. The Questionnaire and Power of Attorney were provided to the United States Trustee.

Honeedew was the only creditor requesting an election.  The Debtor scheduled Honeedew's claim in the amount of $8,414,046.00.  Honeydew's Proof of Claim shows an unsecured debt of $$15,961,554.70, which includes amounts due on the Judgment, the Contempt Judgement and the Contempt Fine

### C.        Trustee Election

The United States Trustee conducted the election at the Debtor's § 341(a) meeting held September 19, 2024, through Assistant United States Trustee Marylou Martin (the "Presiding Officer").  The Debtor was present with counsel, Douglas Pick.  Mr. Dayan was present for Honeedew. Honeedew also appeared through counsel, Eric Medina and Norma Ortiz. The Interim Trustee and United States Trustee Trial Attorney Jeremy Sussman were also present. The Debtor's identity was confirmed, and he was sworn in under oath.

After explaining the election process, the Presiding Officer confirmed that Honeedew's Proof of Claim submitted to the Office of the United States Trustee was a true and correct copy of the Proof of Claim filed on the Claims Register.  The Presiding Officer then asked for nominees to serve as chapter 7 trustee and Honeedew nominated Eric Huebscher (the "Nominee").  The Presiding Officer briefly examined the Debtor under oath regarding the Honeedew claim and whether he was aware of any conflict that might exist with the Nominee.

### D.        Results of the Election

After examining the Debtor,  the Presiding Officer distributed ballots, and Honeedew, the only creditor present, voted for Eric Huebscher as trustee.  There were no objections to the Election Request, the Nominee, or the Election.

The total claims, or universe of claims in the case are either of $15,961,554.70, the amount of Honeedew's Proof of Claim, or $8,414,046.00, the scheduled amount of the claim.

Because Honeedew was the only creditor involved in the election, the Election Request and the election were valid -- 100 percent of creditors who voted in the election, voted for the Nominee, Eric Huebscher. Therefore, Eric Huebscher was elected as trustee of the Debtor's estate.


Dated:  New York, New York
           September 24, 2024

WILLIAM K. HARRINGTON
UNITED STATES TRUSTEE, REGION 2

By:  */s/ Marylou Martin*
     Marylou Martin
     Assistant United States Trustee
     Eastern District of New York

     One Bowling Green, Room 510
     New York, New York 10004
     Tel. (212) 206-2582